28 F.3d 1210
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Nelson MEADOWS, Plaintiff-Appellant,
v.
James KELLY, individually; West Virginia Parkways Economic
Development And Tourism Authority, Defendants-Appellees.
 No. 93-2036.
 United States Court of Appeals, Fourth Circuit.
 Submitted: February 17, 1994.
Decided: June 20, 1994.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Elizabeth V. Hallanan, District Judge. (CA-92-832-5)
 Jerome J. McFadden, Gibson & McFadden, Princeton, West Virginia, for Appellant.
 Kenneth E. Knopf, Cleek, Pullin, Knopf & Fowler, Charleston, West Virginia, for Appellees.
 S.D.W.Va.
 AFFIRMED.
 Before WILKINS and NIEMEYER, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Nelson Meadows is a toll collector for the West Virginia Parkways Economic Development and Tourism Authority (PEDTA). He began a social relationship with Eleanor Ball, the supervisor of Barrier A, where Meadows worked on the West Virginia Turnpike, which eventually resulted in marriage. Ball informed Defendant James Kelly of the impending nuptials. Kelly was Ball's supervisor and the official responsible for formulating recommendations regarding employment actions for PEDTA toll collectors. Kelly suggested that after the marriage it would be appropriate to transfer Meadows to Barrier B, so that PEDTA and Nelson and Eleanor Meadows could avoid the appearance of favoritism or nepotism.
 
 
 2
 Soon after that meeting, PEDTA officially announced openings for full-time toll collectors. Meadows applied for the position and was passed over for promotion to full-time toll collector. He was transferred from Barrier A to Barrier B effective at the time of his marriage to Ball. Meadows pursued administrative relief for PEDTA's decision not to promote him. In the administrative grievance process under the West Virginia State Employees Grievance Procedure, W. Va.Code Sec. 29-6A-1 to -11 (1993), Meadows and PEDTA came to a settlement agreement before reaching Level 4, an evidentiary hearing before an administrative law judge. W. Va.CodeSec. 29-6A-4(d). The settlement gave Meadows a full-time position, the difference in pay between the wages of a partand full-time employee, and a $500 attorney's fee.
 
 
 3
 Despite this administrative success, Meadows filed this action in federal court under 42 U.S.C. Sec. 1983 (1988), alleging a violation of his First Amendment right of intimate association and pendent state law claims. After extensive discovery, the district court granted summary judgment on the Sec. 1983 claim and dismissed the pendent claims without prejudice, holding that both PEDTA and Kelly in his official capacity were protected by the Eleventh Amendment, and that Kelly in his personal capacity was entitled to qualified immunity. Meadows noted a timely appeal raising only the issue of whether Kelly was entitled to summary judgment on the issue of qualified immunity.
 
 
 4
 Qualified immunity is intended to protect government officials performing discretionary functions from fear of litigation and monetary liability. Anderson v. Creighton, 483 U.S. 635, 638 (1987). "[G]overnment officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Meadows does not argue that Kelly's failure to recommend him for promotion was anything other than the exercise of a discretionary function. Even assuming that this act caused the official in charge of personnel decisions to ignore Meadows for promotion, and further assuming the failure to recommend was based on his marriage to Ball, Kelly is entitled to qualified immunity.
 
 
 5
 "[T]he right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson, 483 U.S. at 640. Stated more succinctly, "the unlawfulness must be apparent." Id.
 
 
 6
 In Meadows's case, the existence of a First Amendment right protecting intimate associations and marriage may well be "clearly established." The same cannot be said of the contours of that right relative to placement and promotion decisions in the workplace. The cases Meadows cites as establishing the right to intimate associations and marriage fail to describe the right sufficiently clearly that a reasonable official would understand that Kelly's actions violate the right. See, e.g., Roberts v. United States Jaycees, 468 U.S. 609, 620-21 (1984) (compelling organization to accept women members does not abridge male members' freedom on intimate association); Trujillo v. Board of County Comm'rs, 768 F.2d 1186 (10th Cir.1985) (recognizing possible Sec. 1983 recovery for violation of such right with son and brother in wrongful death action); Wilson v. Taylor, 733 F.2d 1539 (11th Cir.1984) (allowing recovery under Sec. 1983 for dismissal of police officer based on dating relationship with daughter of convicted felon). We decline Meadows's invitation to read the case law as broadly as he wishes. Viewing the right Meadows alleges exists in a "more particularized ... more relevant, sense," there is no apparent unlawfulness or violation of a clearly established right that should prevent a reasonable official from doing what Meadows has accused Kelly of doing in this action. Because the right Meadows alleges Kelly has violated is not clearly established, Kelly was entitled to qualified immunity. The district court was correct in coming to this conclusion.
 
 
 7
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED